**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THE CATANESE BROTHERS INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:07-cv-1663** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WEST DEER TOWNSHIP** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Now pending is the MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) (Document No. 6) filed by Defendant West Deer Township ("West Deer"). Both parties have filed briefs (Document Nos. 7, 8) and the motion is ripe for resolution.

Procedural History

The original complaint in this case was filed on November 13, 2007. On February 28, 2008, Defendant filed a Motion to Dismiss or for More Definite Statement. The arguments raised in the original Motion to Dismiss are virtually the same as those now being articulated by West Deer. In response to Defendant's original motion, Plaintiff filed an Amended Complaint on March 19, 2008. Defendant has renewed its Motion to Dismiss, contending that the amendments to the complaint have failed to overcome the shortcomings addressed in this and its original motion to dismiss.

Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a claim contain: (1) a short and plain statement of jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. This is commonly referred to as "notice pleading." Federal Rule of Civil Procedure 11(b) states that by presenting a pleading to the court, the attorney is certifying that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for discovery.

The standard which governs motions to dismiss was recently amplified by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). At a minimum, as all nine justices agreed, the oft-quoted standard that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has been retired and "is best forgotten." *Id.* at 1968. The Court explained that a complaint must allege enough "facts" to show that a claim is "plausible" and not merely conceivable. Indeed, the *Twombly* Court made a distinction between facts that were merely "consistent" with wrongful conduct and facts that would be "suggestive" enough to render the alleged conduct plausible. In particular, the Court upheld dismissal of a complaint which alleged an antitrust conspiracy, despite "stray averments" that defendants had entered into an unlawful agreement, explaining that the plaintiff had alleged "merely legal conclusions." *Id.* at 1970. The Supreme Court also emphasized the need for district courts to prevent unjustified litigation expenses resulting from claims that are "just shy of a plausible entitlement." *Id.* at 1967, 1975.

<u>Legal Analysis</u>

The amended complaint is hardly a model of detail. Plaintiff purports to assert claims under the Sherman Antitrust Act, the Clayton Antitrust Act, 42 U.S.C. § 1983, and a Pennsylvania state law claim for tortious interference with contract.[1] Plaintiff is a business partnership located in West Deer which was formed by three brothers in 1950. The business has historically provided the public with an automobile full-service station, used car dealership, towing service and automobile salvage yard.

Plaintiff alleges that its activites are "grandfathered" by Ordinance #269, which precludes interference from future zoning regulations. The amended complaint alleges that various West Deer officials have have intentionally inflicted economic harm on Plaintiff by: (1) failing to recognize Ordinance #269 since the year 2000; (2) denying applications for a new salvage yard license without holding a hearing on the merits[2]; (3) filing frivolous citations against Plaintiff[3]; (4) intentionally steering towing business away from Plaintiff; and (5) creating an unlawful competing monopoly outside of West Deer Township by entering into a contract on August 17, 2005 with a towing/salvage company from Harmar Township. The contract requires that the salvaged vehicles be stored at a location within eight miles of West Deer, but outside the Township. The amended complaint is not organized into distinct causes of action, but alleges

---

[1]Plaintiff now concedes that the "tortious interference" claim is barred by the Pennsylvania Political Subdivision Tort Claims Act and should be dismissed.

[2]The amended complaint states that the license was denied for an alleged violation of Ordinance #349, about which no further details are provided.

[3]More specifically, Plaintiff alleges that Officer Robert Petosky was instructed to routinely photograph and cite Plaintiff for "frivolous violations" commonly associated with an active salvage yard.

generally that the conduct of West Deer constitutes antitrust violations, and has deprived Plaintiff

of its rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States

Constitution. These contentions will be addressed seriatim.


1.      Antitrust Claims

Plaintiff contends that Defendant violated the Sherman Antitrust Act and Clayton

Antitrust Act by intentionally interfering with Plaintiff's business with citizens and by

intentionally creating a monopoly. Defendant argues that the antitrust claims should be

dismissed for several independent reasons, including a failure to assert sufficient facts to

establish the elements of an antitrust claim and contends that the "state action" exception applies

based on the ability of West Deer to regulate Plaintiff's business pursuant to 53 P.S. §

66532(a)(4).

In *Gordon v. Lewistown Hospital*, 423 F.3d 184, 207 (3d Cir. 2005), the Court explained

that the essence of a claim under Section 1 of the Sherman Act is the existence of an unlawful

agreement to restrain trade. "Unilateral action simply does not support liability; there must be a

'unity of purpose or a common design and understanding or a meeting of the minds in an

unlawful arrangement.'" *Id.* (citation omitted). "To establish a violation of Section 1, a plaintiff

must prove: (1) concerted action by the defendants; (2) that produced anti-competitive effects

within the relevant product and geographic markets; (3) that the concerted actions were illegal;

and (4) that it was injured as a proximate result of the concerted action." *Id.*

The amended complaint, as pled, falls far short of alleging a plausible claim under

Section 1 of the Sherman Act. The mere fact that West Deer entered into a towing contract with

one of Plaintiff's competitors does not establish the requisite "concerted action." The amended complaint reflects no restraint on trade, in that the contract was put up for bid and three bids were received. The Township was merely acting in the marketplace as a consumer of towing services. *Brumfield Towing Service, Inc. v. City of Baton Rouge*, 911 F. Supp. 212 (M.D. La. 1996). Moreover, there was no impact on interstate commerce, let alone the requisite "substantial" impact, because the contract required towed cars to be stored within eight miles of West Deer Township. The Court takes judicial notice of the geographic fact that West Deer is not within eight miles of any other state, and that this contract therefore affects only Pennsylvania intrastate commerce.

Claims under Section 2 of the Sherman Act for attempted monopolization do not require concerted action. The elements of a claim of attempted monopolization are "(1) ... the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993). The amended complaint, on its face, rebuts the allegations of attempted monopoly by Defendant. West Deer, acting merely as a consumer – as opposed to a provider – of towing services, solicited public bids and at least three bidders participated. This is the essence of a competitive marketplace. *See Brumfield*, 911 F. Supp. at 216-18 (holding that antitrust laws are not implicated when a local government enters into a contract with a provider of towing services). None of the elements of a Section 2 claim have been adequately pled. Moreover, as noted above, the requisite impact on interstate commerce is lacking.

Although the amended complaint cites the Clayton Antitrust Act as a basis for this Court's jurisdiction, the amended complaint does not explicitly assert a claim for an independent

violation of that Act. Nor does Plaintiff seek to preserve such a claim in its response to the Motion to Dismiss. Presumably, Plaintiff is citing to 15 U.S.C. § 15, which provides a mechanism for seeking treble damages for any violation of the antitrust laws. In any event, the Local Government Antitrust Act, 15 U.S.C. §§ 34-36, bars Plaintiff from recovering damages against West Deer, a Pennsylvania municality, pursuant to a Clayton Act claim.

In summary, the antitrust claims set forth in the amended complaint are flawed in numerous respects.[4] Accordingly, Defendant's motion to dismiss the antitrust claims is **GRANTED**.

### 2. Section 1983 Claims

Plaintiff contends in the amended complaint that Defendant has retaliated against its exercise of First Amendment rights, has violated the Fourth Amendment by routinely searching Plaintiff's property without reasonable suspicion of a crime, has violated the Fifth Amendment "takings" clause by depriving it of all economically viable use of its land, and has violated the Fourteenth Amendment right to procedural and substantive due process by depriving Plaintiff of a salvage license without a hearing.

Defendant contends that the Section 1983 claims must be dismissed because municipalities are not subject to respondeat superior liability and Plaintiff has failed to allege an actionable municipal policy or custom. *See Monell v. Department of Social Serv's of City of New York*, 436 U.S. 658 (1978). Plaintiff barely responds to this argument and merely points to ¶¶ 41,

---

[4]The Court need not reach Defendant's argument regarding "state action."

46 of the amended complaint.[5]

Paragraph 41 conclusorily states that Defendant's policy, practice or custom has stopped Plaintiff's supply chain of towed vehicles. No further facts or details regarding the alleged policy are provided. As Defendant properly observes, this allegation is pled in support of the antitrust claim and most likely refers to the entry by West Deer into a contract with Plaintiff's competitor. This allegation is not suggestive of an unconstitutional policy or practice by the township. Paragraph 46 alleges that Defendant violated Section 1983 by harassing its towing/scrap business and by steering their prospective business outside the Township. Again, further factual details are not set forth. Apparently, the alleged harassment was performed by Officer Robert Petosky. *See* ¶ 14. There are no facts pled that would establish a municipal policy or practice of harassment.[6]

Plaintiff is required to allege sufficient facts to make its claim(s) viable and must aver the facts upon which the claim is based. "[C]ourts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness." *In re Rockefeller Center Properties, Inc., Securities Litigation*, 311 F.3d 198, 216 (3d Cir. 3d Cir. 2002). *Id.* (citations omitted). In this case, Plaintiff has made only conclusory allegations of a wrongful municipal policy or practice, with no supporting facts to establish a particular municipal action or

---

[5]The Court does not reach Defendant's alternative argument regarding the "takings" claim.

[6]The amended complaint labels the violations "frivolous" but does not allege that the citations exceeded Officer Petosky's authority under the applicable regulations. Similarly, Plaintiff does not allege that it was in compliance with Ordinance #349.

to connect that action to a particular constitutional violation.[7]  Such alleged actions by West Deer as issuing citations, entering into a contract with another towing operator, or denying a permit to Plaintiff, without more, are not suggestive of a constitutional violation.  Thus, the amended complaint falls short of establishing a "plausible" Section 1983 claim, as required by *Twombly*.

Accordingly, Defendant's MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) (Document No. 6) is **GRANTED**.


Leave to Amend Complaint

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile.  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (involving a pro se plaintiff).  A district court must provide the plaintiff with this opportunity even if, as in the instant case, the plaintiff does not seek leave to amend.  *Id.;  See also Grayson v. Mayview State Hosp*., 293 F.3d 103 (3d Cir. 2002).  The district court may dismiss the action if the plaintiff does not file an amended complaint within that time, or if the plaintiff files a notice of its intent to stand on the complaint as filed.

West Deer had previously put Plaintiff on notice of the legal and factual flaws in its complaint upon filing its first Motion to Dismiss or for More Definite Statement to Plaintiff's initial complaint.  Plaintiff, represented by counsel, has already had a full and fair opportunity to address those flaws and has already attempted a curative amendment to the complaint in this

---

[7]It further appears from the face of the amended complaint that the alleged conduct of failing to recognize Ordinance #269 and entering into a contract with a competitor occurred well outside of the applicable limitations period.

case.  For the reasons set forth above, Plaintiff's renewed effort to state a cognizable claim has again fallen short of the legally required pleading standards.  The Court concludes that a further effort at amendment would be futile and that it would be inequitable to require Defendant to incur further expense. Accordingly, the amended complaint will be dismissed with prejudice and the clerk will docket this case closed.

SO ORDERED this 8th day of May, 2008.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:    Erik M. Yurkovich, Esquire
       Email: Erik.Yurkovich@gmail.com

       Robert J. Grimm, Esquire
       Email: rgrimm@swartzcampbell.com